June 09, 2013

Honorable Legrome D. Davis
6614 U.S. Courthouse
601 Market Street
Philadelphia, Pa 19106

        RE:    Emily Frazer – Temple University, Andrew Cerett
                Docket No. 2:13-cv-02675-LDD

Dear Judge Davis:

The factual evidence in Ms. Frazer's January 11, 2013 lawsuit against me is in part inaccurate. Below are corrections to her claims that can be substantiated with the evidence in my possession.

**Page 6**

**Fact 34:** Ms. Frazer makes it known to the court that I was a student at Temple University from May 2010-May2011. I was actually a student enrolled at Temple University from August 2010-February 2011.

**Page 10**

**Fact 68:** Ms. Frazer claims I began shouting at her immediately. According to her roommates statement taken the night of the alleged incident, I sat next to Ms. McMillan and began talking to her first.

**Fact 70:** Ms. Frazer claims that I kicked her door open upon entering her room. Ms. Frazer let me into her dorm room, If I kicked her door open it would have been in one of the many statements taken that night and damage would have been reported by the university.

**Fact 72:** Ms. Frazer says that I was screaming and threatening to kill her. In her own words the night of the alleged incident, she gave her statement to university officials that I never threatened or assaulted her.

**Page 11**

**Fact 79:** According to Ms. Frazer I forced my way into her bedroom, slammed the door and blocked her way out of the room. At no time did Ms. Frazer attempt to

leave the room. Nobody had to restrain or remove me from her room. In fact, Ms. McMillan stated that night that after she told me that I needed to leave, I did.

 **Fact 80:** This fact is the same as **fact 72, page 10.**

 **Fact 82:** Ms. McMillan testified at the University hearing that she heard no screaming or shouting from down the hall and that she just wanted to check on the situation.

 **Fact 83:** Ms. McMillan was never required to restrain me nor was Mr. Carey. Neither of their statements reflected that being true.

## Page 12

 **Fact 89:** Ms. Frazer claims that she was instructed to answer my call when in fact she placed the call to me and her exact words were "Where are you".

## Page 13

 **Fact 98:** Ms. Frazer claims that the University ended my suspension just prior to the 2011 football season. Ms. Frazer fails to address the court that even though my suspension ended just before the start of the 2011 football season, the Universities suspension made me ineligible to play for the 2011 season. Negating her claim of favorable treatment to a football player.

 **Fact 101:** Ms. Frazer admits to the court that I engaged in misconduct over the two months pending the hearing. The alleged incident occurred on January 21, 2011 and the University hearing was approx February 11, 2011. The 3 weeks it took is far less than the 2 months that Ms. Frazer claims.

 **Fact 102:** Ms. Frazer claims that I followed, harassed, and intimidated her pending the hearing. That is absolutely false. Due to substantial amounts of Witness letters, letters from University workers who witnessed Ms. Frazer's actions, and phone records where she used teammates to contact me directly as a third party, this resulted in the dismissal of the contempt of court charges she brought against me in 2011.

 **Fact 103,104:** Refer to above **fact 102.**

**Page 14**

**Fact 115**: Ms. Frazer claims she was removed from the Volleyball team in retaliation for reporting the incident of January 21, 2011. When in reality, her dismissal from the team occurred over 1 1/2 years after I left Temple.

**Page 25, Count IV-False Imprisonment**

According to University testimony, I am pleading not guilty to this charge. Please refer back to **page 11, fact 79**.

**Page 26, Count V-Assault**

In a statement given by Ms. Frazer I never at anytime threatened or assaulted her, therefore I am pleading not guilty to this charge. Please refer back to **page 10, fact 72**

**On this 9th day of June 2011, please accept this letter as my formal plea of not guilty to the charges placed against.**

Respectfully,

Andrew Cerett, pro se defendant
32 Blanche Rd.
P.O. Box 322
Fredericktown PA, 15333

Cc: Jason Kutulakis, esq.
    Karen P. Gaster, esq.